## BOWLES, Administrator, Office of Price Administration, v. BROOKSIDE DISTILLING PRODUCTS CORPORATION et al.

### No. 1649.

District Court, M. D. Pennsylvania.
April 10, 1945.

Stephen E. Gombar, Acting Dist. Enforcement Atty., of Scranton, Pa., for plaintiff.

O'Malley, Hill, Harris & Harris and James F. Brady, all of Scranton, Pa., for defendants Brookside Distilling Co. and Joseph M. Gentile.

WATSON, District Judge.

Chester Bowles, Administrator of the Office of Price Administration, brought this action against the Brookside Distilling Products Corporation et al. to recover treble damages for numerous sales of cases of whiskey in excess of the maximum prices established therefor by the regulations.

Defendants, Brookside Distilling Products Corporation and Joseph M. Gentile, filed a motion for a more definite statement and for a bill of particulars.

■ The motion sets forth a number of reasons why the plaintiff should be ordered to file a bill of particulars. I have carefully examined the complaint and the reasons assigned, and have come to the conclusion that the complaint complies with the provisions of Rule 8, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, in that it adequately and concisely notifies the defendants of the circumstances out of which it arose. The allegations in the complaint are certainly sufficient to enable the defendants to know with what they are charged and to be able to answer "yes" or "no".

■ It may be that it will facilitate the preparation of the defense if the defendants are furnished some of the information which their motion requests. However, the better practice is to obtain this information by timely use of the provisions of Rule 26, authorizing depositions or interrogatories for the purpose of discovery, and the provisions of Rule 36, authorizing requests for admission of facts.

Now, April 10, 1945, the motion for a bill of particulars is denied.